**E-filed 5/21/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE RODRIGUEZ, | ) | No. C 04-5067 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| | ) | |
| J. HAMLET, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 18, 2005, the Court dismissed the petition in part with leave to amend because two of Petitioner's claims were not cognizable under § 2254. On May 13, 2005, Petitioner filed a motion for extension of time to file his amended petition. The Court granted Petitioner's motion for extension of time to file his amended petition. Thereafter, Petitioner filed an amended petition on June 23, 2005. The Court will order Respondent to show cause why the amended petition should not be granted.

\\\

\\\

Order to Show Cause
P:\pro-se\sj.jf\hc.04\Rodriguez067osc        1

**BACKGROUND**

A Santa Clara County Superior Court jury convicted Petitioner of attempted premeditated murder (Cal. Pen. Code §§ 664, 187, 189) with the use of a deadly weapon and allegation of great bodily injury (Cal. Penal Code §§ 12022(b)(1), 12022.7(a)), first degree burglary (Cal. Penal Code §§ 459, 460) and making terrorist threats (Cal. Penal Code § 422). On May 24, 2001, Petitioner was sentenced to a term of seven years-to-life in state prison. On direct appeal, the state appellate court affirmed Petitioner's conviction in 2001. The state supreme court denied a petition for review in 2003. The instant federal habeas petition was filed on November 30, 2004. Petitioner filed an amended petition on June 23, 2005.

**DISCUSSION**

A.  Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  Petitioner's Claims

Petitioner alleges the following claims for federal habeas relief: (1) review should be granted to determine if the viciousness of the attack was sufficient evidence to support a finding of premeditation and deliberation when there is no evidence of planning activity or motive to kill, in violation of his Sixth and Fourteenth Amendment rights to jury trial and due process; (2) the trial court violated his Sixth Amendment right to confrontation and his due process right to present a defense by excluding evidence crucial to impeachment of a key prosecution witness against him; (3) the trial court's denial of his motion to modify the verdict, finding sufficient evidence of premeditation, violated his

Sixth and Fourteenth Amendment rights to a jury trial and due process; (4) his Sixth Amendment right to effective assistance of counsel was denied; and (5) the delivery of CAL JIC No. 17.41.1 infringed upon his rights to jury trial and due process under the Sixth and Fourteenth Amendments.  Liberally construed, Petitioner's claims are sufficient to require a response.  The Court orders Respondent to show cause why the amended petition should not be granted.

## CONCLUSION

1. The Clerk shall serve by mail a copy of this order and the amended petition (docket no. 9) and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving a copy on Respondent within **thirty days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

\\\

\\\

1      4.    It is Petitioner's responsibility to prosecute this case. Petitioner must keep
2 the Court and all parties informed of any change of address by filing a separate paper
3 captioned "Notice of Change of Address." He must comply with the Court's orders in a
4 timely fashion. Failure to do so may result in the dismissal of this action for failure to
5 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6     IT IS SO ORDERED.

7 DATED: 5/21/07

JEREMY FOGEL
United States District Judge

1  A copy of this order was mailed to the following:

2

3  Jose Adalberto Rodriguez
   T-19069/ Fac. C-7- #212
4  P.O. Box 29
   Represa, CA  95671
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order to Show Cause
P:\pro-se\sj.jf\hc.04\Rodriguez067osc                 5